UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

ALEX HARRISON,

                                        Plaintiff,

-against-

CITY OF NEW YORK, NYC POLICE DEPARTMENT,
POLICE OFFICER CHRISTOPHER ANGEL DALIZ,
POLICE OFFICER JOHN DOE #1, POLICE OFFICER
JOHN DOE #2, and POLICE OFFICER JOHN DOE #3,

                                        Defendants.

**ANSWER ON BEHALF OF DEFENDANTS CITY OF NEW YORK AND NEW YORK CITY POLICE DEPARTMENT**

08 Civ. 2922 (VM)

Jury Trial Demanded

------------------------------------------------------------------------ x

        Defendants City of New York and New York City Police Department,[1] by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the complaint, respectfully allege, upon information and belief, as follows:

        1.      Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiff purports to bring this action as stated therein.

        2.      Deny the allegations set forth in paragraph "2" of the complaint, except admit that plaintiff purports to invoke the pendent jurisdiction of this Court as stated therein.

        3.      Deny the allegations set forth in paragraph "3" of the complaint, except admit that plaintiff purports to base venue as set forth therein.

        4.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "4" of the complaint.

---

[1] On information and belief, defendant Angel Daliz has not been served with a summons and copy of the complaint. A review of the Court's docket sheet does not reflect service on this individual.

5. Deny the allegations set forth in paragraph "5" of the complaint, except admit that the City of New York is a municipal corporation organized pursuant to the laws of the State of New York.

6. Deny the allegations set forth in paragraph "6" of the complaint, except admit that the City of New York maintains a police department, and respectfully refer the Court to the New York City Charter and the Administrative Code for a recitation of the relationship between defendant City of New York and the New York City Police Department.

7. Deny the allegations set forth in paragraph "7" of the complaint, except admit that Angel Daliz is employed by the City of New York as a detective.

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the complaint.

9. Deny the allegations set forth in paragraph "9" of the complaint, except admit that a document purporting to be a Notice of Claim was received by the Comptroller's Office of the City of New York on or about April 16, 2007.

10. Deny the allegations set forth in paragraph "10" of the complaint, except admit that a document purporting to be a Notice of Claim was received by the Comptroller's Office of the City of New York on or about April 16, 2007, that this purported claim has not been settled or adjusted, and that this action was filed on or about March 20, 2008.

11. Deny the allegations set forth in paragraph "11" of the complaint, except admit that Angel Daliz was employed by the City of New York as a detective and assigned to the Manhattan North Narcotics Squad on November 28, 2006, and that plaintiff purports to sue him in his individual and official capacities, and state that the allegation that defendant Daliz "was

acting in such capacity as the agent, servant and employee of the defendants, CITY and NYPD" is a legal conclusion to which no response is required.

12. Paragraph "12" of the complaint sets forth legal conclusions, rather than averments of fact and, accordingly, no response is required.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the complaint, except state that the allegations that the "Doe" defendants "were acting in such capacity as the agents, servants and employees of the defendants, CITY and NYPD" are legal conclusions to which no response is required.

14. Paragraph "14" of the complaint sets forth legal conclusions, rather than averments of fact and, accordingly, no response is required.

15. Deny the allegations set forth in paragraph "15" of the complaint, except admit that plaintiff was arrested by New York City Police Officers on November 28, 2006 at approximately 5:30 p.m.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the complaint.

17. Deny the allegations set forth in paragraph "17" of the complaint, except admit that plaintiff was charged with criminal sale of marijuana and unlawful possession of marijuana.

18. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the complaint.

19. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the complaint.

20. Deny the allegations set forth in paragraph "20" of the complaint, and all its subparts.

21. Deny the allegations set forth in paragraph "21" of the complaint, and all its subparts.

22. In response to the allegations set forth in paragraph "22" of the complaint, defendants repeat and reallege the responses set forth in paragraph "1" through "21" of this answer, as if fully set forth herein.

23. Deny the allegations set forth in paragraph "23" of the complaint.

24. Deny the allegations set forth in paragraph "24" of the complaint.

25. Deny the allegations set forth in paragraph "25" of the complaint.

26. In response to the allegations set forth in paragraph "26" of the complaint, defendants repeat and reallege the responses set forth in paragraph "1" through "25" of this answer, as if fully set forth herein.

27. Deny the allegations set forth in paragraph "27" of the complaint, and all its subparts.

28. Deny the allegations set forth in paragraph "28" of the complaint.

29. In response to the allegations set forth in paragraph "29" of the complaint, defendants repeat and reallege the responses set forth in paragraph "1" through "28" of this answer, as if fully set forth herein.

30. Deny the allegations set forth in paragraph "30" of the complaint.

31. Deny the allegations set forth in paragraph "31" of the complaint.

32. In response to the allegations set forth in paragraph "32" of the complaint, defendants repeat and reallege the responses set forth in paragraph "1" through "31" of this answer, as if fully set forth herein.

33. Deny the allegations set forth in paragraph "33" of the complaint.

34. Deny the allegations set forth in paragraph "34" of the complaint.

35. Deny the allegations set forth in paragraph "35" of the complaint.

36. Deny the allegations set forth in paragraph "36" of the complaint.

37. Deny the allegations set forth in paragraph "37" of the complaint.

38. Deny the allegations set forth in paragraph "38" of the complaint.

39. In response to the allegations set forth in paragraph "39" of the complaint, defendants repeat and reallege the responses set forth in paragraph "1" through "38" of this answer, as if fully set forth herein.

40. Deny the allegations set forth in paragraph "40" of the complaint.

41. Deny the allegations set forth in paragraph "41" of the complaint.

42. Deny the allegations set forth in paragraph "42" of the complaint.

43. Deny the allegations set forth in paragraph "43" of the complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE:**

44. The complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE:**

45. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States, or the State of New York or any political subdivision thereof, nor have defendants violated any Act of Congress providing for the protection of civil rights.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

46. At all times relevant to the acts alleged in the complaint, defendant City, its agents and officials, acted reasonably in the proper and lawful exercise of their discretion. Therefore, the defendant City is entitled to governmental immunity from liability.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

47. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the culpable or negligent conduct of intervening third parties and was not the proximate result of any act of the defendants.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

48. Plaintiff provoked any incidents.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

49. There was probable cause for plaintiff's arrest, prosecution, and detention.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

50. Punitive damages are not recoverable against the City of New York.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

51. Plaintiff has failed to comply with conditions precedent to suit under state law.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

52. The New York City Police Department is not a suable entity.

**WHEREFORE,** defendants City of New York and the New York City Police Department request the dismissal of this action in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:    New York, New York
            July 16, 2008

                                  MICHAEL A. CARDOZO
                                  Corporation Counsel of the
                                    City of New York
                                  *Attorney for Defendants City of New York*
                                  *and New York City Police Department*
                                  100 Church Street, Room 3-137
                                  New York, New York 10007
                                  (212) 788-9790

                      By:    _____/s/_____
                                  Amy N. Okereke
                                  Assistant Corporation Counsel
                                  Special Federal Litigation Division

TO:    David Segal, Esq.
       *Attorney for Plaintiff*
       30 Vesey Street, Room 900
       New York, New York 10007

## DECLARATION OF SERVICE BY MAIL

      I, AMY N. OKEREKE, declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury that on JULY 16, 2008, I served the annexed ANSWER upon the following counsel of record by depositing a copy of same, enclosed in a first class postpaid properly addressed wrapper, in a post office depository under the exclusive care and custody of the United States Postal Service, within the State of New York, directed to said counsel of record at the address set forth below, being the address designated by counsel for that purpose:

      David Segal, Esq.
      30 Vesey Street, Room 900
      New York, New York 10007

Dated:    New York, New York
            July 16, 2008

                                                      /s/
                                             AMY N. OKEREKE
                                             ASSISTANT CORPORATION COUNSEL

Index No. 08 Civ. 2922 (VM)

| |
|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK |
| ALEX HARRISON,<br><br>                                                Plaintiff,<br><br>                             -against-<br><br>CITY OF NEW YORK, NYC POLICE DEPARTMENT, POLICE OFFICER CHRISTOPHER ANGEL DALIZ, POLICE OFFICER JOHN DOE #1, POLICE OFFICER JOHN DOE #2, and POLICE OFFICER JOHN DOE #3,<br><br>                                                Defendants. |
| **ANSWER ON BEHALF OF DEFENDANTS<br>CITY OF NEW YORK AND NEW YORK CITY<br>POLICE DEPARTMENT** |
| *MICHAEL A. CARDOZO*<br>*Corporation Counsel of the City of New York*<br>   *Attorney for Defendants City of New York and*<br>   *New York City Police Department*<br>   *100 Church Street*<br>   *New York, New York  10007*<br><br>   *Of Counsel:  Amy N. Okereke*<br>   *Tel:  (212) 788-9790* |
| *Due and timely service is hereby admitted.*<br><br>*New York, N.Y.................................................... , 200..*<br><br>*........................................................................... Esq.*<br><br>*Attorney for...............................................................* |